IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ISIAH MITCHELL,

    Plaintiff,

v.

DEBBIE ISAACS, KIMBERLY HVARRE, WEXFORD MEDICAL PROVIDER, ILLINOIS DEPARTMENT OF CORRECTIONS TRANSFER COORDINATOR OFFICE,

    Defendants.

Case No. 25-cv-1361-MAB

# MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Plaintiff Isiah Mitchell, an inmate of the Illinois Department of Corrections who is currently incarcerated at Taylorville Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Big Muddy River Correctional Center. In the Complaint, Mitchell alleges that he was denied access to a handicap compatible cell and facilities in violation of the Eighth Amendment and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to screen

---

[1] The Court has jurisdiction to screen the Complaint in light of Plaintiff's consent to the full jurisdiction of a Magistrate Judge, and the limited consent by the Illinois Department of Corrections and the medical providers, to the exercise of Magistrate Judge jurisdiction as set forth in the Memoranda of Understanding between this Court and these entities.

prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## **The Complaint**

Mitchell alleges that he is considered a disabled individual under the ADA because he suffers from a below the knee amputation (Doc. 1, p. 6). While originally at Lawrence Correctional Center, he started out in a normal cell and then was assigned an ADA cell after several falls (*Id.*). He was also given an ADA attendant and access to ADA-compliant showers (*Id.*). Upon arriving at Big Muddy River Correctional Center ("Big Muddy") in August 2022, he was initially assigned an ADA cell, attendant, and access to compliant showers (*Id.*). However, in either September or October 2022, he was removed from the cell and placed in a non-compliant cell (*Id.*). Mitchell alleges that this move was to accommodate an individual with amputated toes (*Id.*).

After his placement in a non-compliant cell, Mitchell suffered from several falls. He also had difficulties ambulating in his cell due to the lack of handrails (*Id.*). His toilet also set low to the ground, causing him difficulties and pain (*Id.*). Mitchell remained in the non-compliant cell until his transfer in June 2023 (*Id.*). Mitchell submitted grievances and spoke to sergeants, lieutenants, majors, the wardens, ADA coordinator, nurses, Dr. Larson, and Healthcare Administrator Debbie Isaacs (*Id.*). He also filed a grievance in October 2022 (*Id.*).

After his placement in the non-compliant cell, Mitchell also lost access to the ADA-compliant showers as well as the ADA gym/yard list (Doc. 1, p. 6). As a result, he lost access to all services and activities offered to inmates under the ADA (*Id.*). He filed a grievance regarding his issues, but the ADA coordinator (an individual who is also a warden) denied the grievance (*Id.*).

**Preliminary Dismissals**

Although Mitchell identifies Wexford Medical Provider as a defendant in the case caption, he fails to state a claim against Wexford in his statement of claim. The corporation can only be liable for deliberate indifference if an unconstitutional policy or practice of the corporation caused the constitutional deprivation. *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 653-4 (7th Cir. 2021); *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). But Mitchell fails to point to any policy and/or practice of Wexford's that led to his placement in a non-compliant cell. Thus, any claim against Wexford is **DISMISSED without prejudice**.

Mitchell also identifies the Illinois Department of Correction's transfer coordinator's office as a defendant in the case caption, but he fails to provide any allegations against any official from that office in his statement of claim. He merely alleges that the coordinator is in charge of transfers and bed space decisions, but he fails to allege that any specific individual was personally involved in his placement decision. Nor has he identified a specific individual from that department. Although Mitchell may certainly identify unknown defendants as John or Jane Doe Defendants, he must identify them by number and/or description (*i.e.* John Doe #1 placement coordinator). His

3

reference to the transfer coordinator office is too generic to survive threshold review as he does not describe the individuals involved or even state the number of officials who were involved in his placement. His claim against the transfer coordinator's office is **DISMISSED without prejudice**. Similarly, his reference in his statement of claim to sergeants, lieutenants, majors, wardens, other officers, and nurses is too generic to state a claim against any official that he spoke to about his confinement. Finally, Mitchell notes that he spoke to Dr. Larson, but he fails to identify Larson as a defendant in his case caption. *See* FED. R. CIV. P. 10(a); *Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005). He also fails to allege when he spoke to Larson, what relief he sought from Larson, and Larson's response, if any. Thus, any potential claim against Dr. Larson or any other unnamed official is **DISMISSED without prejudice**.

## Discussion

Based on the allegations in the Complaint, the Court designates the following counts:

> **Count 1:** Eighth Amendment deliberate indifference claim against Debbie Isaacs and Kimberly Hvarre for denying Mitchell access to an ADA-compliant cell, shower, and services.
>
> **Count 2:** ADA claims against IDOC officials for denying Mitchell access to an ADA-compliant cell, shower, and services.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered**

**dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

**Count 1**

Mitchell fails to state a claim in Count 1. Although he alleges that he spoke to various individuals, including the warden, ADA coordinator, and Debbie Isaacs, he fails to allege when he talked to these individuals, what information he conveyed to them, and their response, if any. The Complaint fails to allege that these officials were aware of his need for services and acted with deliberate indifference to those needs. To the extent he alleges that Debbie Isaacs and the ADA Coordinator (who Mitchell identifies as Defendant Kimberly Hvarre) denied his grievances related to his placement and access to services, they cannot be liable for simply denying his grievances. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007). Thus, Mitchell fails to allege that either official acted with deliberate indifferent to his need for ADA-compliant facilities.

**Count 2**

Mitchell does, however, adequately state a claim for violations of the ADA. In order to state a claim of discrimination under the ADA, a plaintiff must show: (1) that he suffers from a disability as defined in the statute, (2) that he is qualified to participate in

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

the program in question, and (3) that he was either excluded from participating in or denied the benefit of that program based on his disability. *Lacy v. Cook County, Illinois*, 897 F.3d 847, 853 (7th Cir. 2018). He alleges that he was a qualified disabled individual due to being an amputee, but he was denied access to an ADA-compliant cell and services. However, the claim cannot proceed against the individual defendants because individual employees of IDOC cannot be sued under the ADA. *Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 670 (7th Cir. 2012). The proper defendant is the relevant state department or agency. *See* 42 U.S.C. § 12131(1)(b); *Jaros*, 684 F.3d at 670, n. 2 (individual capacity claims are not available; the proper defendant is the agency or its director (in his official capacity)). As such, Latoya Hughes, the current IDOC Director, will be **ADDED** to the case, in her official capacity only, as the proper defendant for Mitchell's ADA claim.

## Motion for Counsel

In addition to his Complaint, Mitchell also filed a motion for recruitment of counsel (Doc. 3). He alleges that he has contacted several attorneys, but none have been willing to take his case (Doc. 3, p. 1). He states that he needs counsel because he lacks knowledge about the civil litigation process (*Id.* at p. 2). But given the early stages of the litigation process, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be

gauged.").[3] There is nothing currently pending that would require counsel. Once Defendant has filed an Answer, the Court will enter a scheduling order explaining the next steps in the litigation process. If Mitchell continues to experience difficulties in litigating his case at that time, he may resubmit his request for counsel. At this time, counsel is not needed, and his motion is **DENIED**.

## Disposition

For the reasons stated above, Count 2 shall proceed against Latoya Hughes (in her official capacity only). All other claims and defendants are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Latoya Hughes (official capacity): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendant's place of employment as identified by Mitchell. If the defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

---

[3] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

If the defendant can no longer be found at the work address provided by Mitchell, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

Because Mitchell's claims involve his medical condition, the Clerk of Court is **DIRECTED** to enter the Court's standard HIPAA Qualified Protective Order.

If judgment is rendered against Mitchell, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Mitchell is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

IT IS SO ORDERED.

DATED: October 3, 2025

<u>/s/ Mark A. Beatty</u><br>
MARK A. BEATTY<br>
U.S. Magistrate Judge

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**