IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ISIAH MITCHELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:25-CV-1361-MAB |
| | ) |
| LATOYA HUGHES, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is currently before the Court on Plaintiff Isiah Mitchell's Amended Complaint, filed on December 10, 2025 (Doc. 25).

Plaintiff brought this action for violations of his rights under the Eighth Amendment and the Americans with Disabilities Act when he was incarcerated at Big Muddy River Correctional Center in 2022 (Doc. 1; *see also* Doc. 12). His complaint was reviewed pursuant to 28 U.S.C. § 1915A, and it was determined that he failed to state a claim against any of the individuals he had identified as a defendant in the caption or body of his complaint (Doc. 12). The Court determined, however, that his allegations were sufficient to state a claim for violations of the ADA, and Latoya Hughes was added as a Defendant in her official capacity because, as the IDOC Director, she was the proper defendant for an ADA claim (Doc. 12, pp. 5–6).

A waiver of service was sent to Defendant Hughes on October 3, 2025, (Doc. 13), and she executed it that same day (Doc. 15). Hughes's answer was originally due on

December 2, 2025, (Doc. 15), but she requested and was granted an extension of time until January 16, 2026, to file her answer (Docs. 23, 24). Plaintiff then filed an amended complaint on December 10, 2025 (Doc. 25), which was unaccompanied by a motion for leave to amend.

While litigants have a right to amend their pleadings "once as a matter of course, Plaintiff does not satisfy the timing requirements of Rule 15 for doing so. *See* FED. R. CIV. P. 15(a)(1) (a plaintiff has right to amend complaint "once as a matter of course" within 21 days of serving it or within 21 days after the defendant serves a responsive pleading to the complaint). At this time, Plaintiff can only amend his complaint with leave of court or Defendant's consent, FED. R. CIV. P. 15(a)(2), neither of which he has obtained.

Furthermore, the Court declines to construe Plaintiff's submission as a motion for leave to file an amended complaint for two reasons. First, Plaintiff did not rename Latoya Hughes as a Defendant in the amended complaint nor explicitly re-allege a violation of the ADA (*see* Doc. 25). Rather, the amended complaint only sought to "re-add" an Eighth Amendment deliberate indifference claim against Debbie Isaacs and Kimberly Hvarre, (Doc. 25), who were previously dismissed from this matter because Plaintiff failed to allege facts sufficient to state a claim against them (Doc. 12).

Once a plaintiff files an amended complaint, it "supersedes all previous complaints and controls the case from that point forward." *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999) (citation omitted). In other words, "a plaintiff's new complaint wipes away prior pleadings." *Id. Accord Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint

drops out of the picture.") Therefore, the Court does not permit a litigant to amend their complaint in a piecemeal fashion (also referred to as amendment by interlineation), with allegations against various defendants spanning separate documents on the docket. SDIL-LR 15.1(b)(1). An amended complaint must contain *all* allegations and *all* claims—new and old—against *all* Defendants. *Id.* Any claims or parties that are not included in the amended complaint are automatically dismissed. Consequently, if the Court were to accept Plaintiff's amended complaint, his pending ADA claim against Defendant Hughes would be dismissed. The Court is skeptical that Plaintiff intended for that result.

The second issue with the amended complaint is that Plaintiff did not underline his new or amended allegations, as required by the Local Rules. SDIL-LR 15.1(b)(2) ("All new or amended material in a proposed amended pleading must be underlined or submitted in redlined form.").

Due to Plaintiff's failure to comply with Federal Rule 15(a)(2) and Local Rule 15.1(b)(2), the Court **ORDERS** the Amended Complaint, (Doc. 25), to be **STRICKEN** from the docket.

If Plaintiff wants to amend his complaint, he must file a motion for leave to amend with the proposed amended complaint attached as an exhibit to the motion. SDIL-LR 15.1(a)(1). The motion should explain the purpose of the amended complaint (*e.g.,* to bring back defendants/claims that were previously dismissed, to supplement the existing claims with additional allegations, to state a new claim, etc.) and how the proposed amended complaint differs from the original complaint. The proposed amended complaint must contain *all* allegations and *all* claims against *all* the Defendants.

Furthermore, all new material in the proposed amended complaint must be underlined in accordance with Local Rule 15.1. Failure to comply with this requirement will result in rejection of the proposed amended complaint.

Defendant Hughes's answer to the original complaint remains due on or before January 16, 2026.

**IT IS SO ORDERED.**

**DATED: December 17, 2025**

<u>s/ Mark A. Beatty</u>
**MARK A. BEATTY**
**United States Magistrate Judge**